Stevens v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-020-CR

QUILLENS EDWIN STEVENS, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Quillens Edwin Stevens, Jr. appeals his eight-year sentence.  In his sole point, appellant contends that he was denied effective assistance of counsel because during the punishment phase, his trial attorney failed to subpoena the probation officer who prepared the pre-sentence investigation report to testify.  We affirm.

II.  Background Facts

On February 5, 2003, appellant pled guilty to assault causing bodily injury to a family member, and the trial court deferred adjudication and sentenced appellant to four years’ community supervision.  On July 23, 2004, the State filed a petition to proceed with adjudication after appellant violated his probation by committing the new offense of attempted sexual assault.  On November 14, 2005, the trial court held a revocation hearing and appellant pled not true to the allegation.  After hearing arguments from both sides, the trial court found the attempted sexual assault allegation to be true.  After the trial court found the allegation to be true, appellant’s counsel requested a pre-sentence investigation report (PSI), and the trial court adjourned until the PSI had been completed.  On January 18, 2006, after the trial court reviewed the PSI and heard arguments from appellant, the trial court sentenced appellant to eight years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.

III.  Ineffective Assistance Of Counsel

In appellant’s sole point, he complains that he was denied effective assistance of counsel during the punishment phase because his trial attorney did not subpoena the probation officer who prepared the PSI.

A.  Standard Of Review

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his 
counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Id.
  (quoting 
Thompson
, 9 S.W.3d at 813).

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

B.  Analysis

Appellant asserts that his trial attorney’s argument during the punishment phase consisted primarily of attacks on the PSI and the probation officer, and that his attorney should have called the probation officer to testify and confront her about the accusations he made during his argument.

In his brief, appellant acknowledges that ineffective assistance of counsel claims have rarely been upheld on direct appeal because the appellate record does not show trial counsel’s rationale; however, appellant contends that the trial record in this case shows that his trial counsel’s error is “error for which no explanation of ‘trial strategy’ is needed.”  Appellant concedes that ineffective-assistance-of-counsel claims are best dealt with by writs, but asserts that filing a writ in this case would serve no purpose because the appellate record shows that his attorney attacked the probation officer and the PSI.

We apply a strong presumption that trial counsel was competent.  
See Thompson
, 9 S.W.3d at 813.  On appeal, we presume counsel’s actions and decisions were reasonably professional and motivated by sound trial strategy.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); 
Matthews v. State
, 152 S.W.3d 723, 732 (Tex. App.སྭTyler 2004, no pet.)
.  Appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did.  
Matthews
, 152 S.W.3d at 732.
  
Here, we are unable to determine from this record if appellant’s counsel’s failure to subpoena the probation officer was the result of trial strategy.  As a result, appellant cannot overcome the strong presumption that his counsel performed effectively.  
See id.
  
Therefore, we overrule appellant’s sole point. 

IV.  Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: August 3, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.